CRUZ, PLAINTIFF AND APPELLANT, v. MUNICIPALITY OF MAYAGÜEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2114.—Decided March 25, 1920.

APPEAL—EVIDENCE.—When the evidence is contradictory the Supreme Court will not disturb the weighing thereof by the trial court unless it is shown that it was influenced by passion, prejudice or partiality or that it committed manifest error.

The facts are stated in the opinion.

*Mr. L. Montalvo Guenard* for the appellant.

*Messrs. Amadeo Nazario* and *P. Fajardo* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant brought an action against the Municipality of Mayagüez to recover five thousand dollars for damages alleged to have been sustained as a result of a fall while passing at night over a sheet of old iron with which the employees of the defendant had covered an excavation made by them in a sidewalk of one of the streets of Mayagüez, without placing a light or any other signal to prevent people from passing over the said excavation. The plaintiff received a wound on her forehead and a bone of her right arm was broken.

The judgment dismissed the complaint and in the written opinion of the judge he stated that as the witnesses for the defendant seemed to be more worthy of belief than those for the plaintiff, he adjusted the conflict in the evidence in favor of the defendant.

The evidence was in fact contradictory as regards the cause of the accident suffered by the plaintiff, for while her witnesses testified that the excavation made in the sidewalk for placing a fire-plug was covered with a sheet of old iron in bad condition and that no light was placed on it to give warning of the danger, the witnesses for the defendant testified to the contrary.

In this appeal it is not alleged that in adjusting the conflict in the evidence the judge was influenced by passion, prejudice or partiality, and inasmuch as from an examination of the evidence we can not hold that he erred in refusing to believe the witnesses for the plaintiff and in believing those for the defendant, in accordance with our repeated jurisprudence on the point we must accept his findings from the evidence, and, the defendant having taken reasonable care to prevent accidents to pedestrians, the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.